[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12124
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00770-AT

LEONARD ROWE,
ROWE ENTERTAINMENT, INC.,
LEE KING,
LEE KING PRODUCTIONS INC.,

                  Plaintiffs-Appellees,

versus

WILLIE E. GARY,
WILLIAM C. CAMPBELL,
SEKOU M. GARY,
TRICIA P. HOFFLER, et al.,

                  Defendants-Appellees,

MARIA SPERANDO,

                  Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(July 20, 2017)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Maria Sperando, a lawyer proceeding pro se, appeals the district court's refusal to allow her to file a motion for sanctions against Leonard Rowe, Rowe Entertainment, Inc., Lee King, and Lee King Productions Inc. (collectively, the "plaintiffs"). After careful review, we reverse and remand to the district court.

I.

The law firm Gary, Williams, Parenti, Watson & Gary, P.L.L.C. (the "Gary Firm"), represented the plaintiffs in a civil rights suit before the U.S. District Court for the Southern District of New York. In 2005, the New York court granted summary judgment to the defendants. Rowe Entm't, Inc. v. William Morris Agency, Inc., No. 98 CIV. 8272 (RPP), 2005 WL 22833 (S.D.N.Y. Jan. 5, 2005), aff'd, 167 F. App'x 227 (2d Cir. 2005).

In 2015, the plaintiffs sued the Gary firm in the U.S. District Court for the Northern District of Georgia. In addition to the Gary firm, the Georgia complaint also asserted claims against a number of lawyers who worked at the Gary Firm at the time the civil rights suit was pending. Sperando was one of those lawyers. The plaintiffs alleged the Gary Firm and the individually named lawyers sabotaged the civil rights suit in exchange for bribes from the defendants in that suit. The plaintiffs brought two claims under the federal Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961–68, as well as a number of state-law claims. Sperando, representing herself, filed a motion to dismiss. The rest of the defendants filed a separate motion to dismiss.

In addition to her motion to dismiss, Sperando served a motion for sanctions on the plaintiffs, as required by Federal Rule of Civil Procedure 11. See Fed. R. Civ. P. 11(c)(2) (requiring a motion for sanctions be served 21 days before it is filed). The motion sought sanctions against Rowe, King, and their counsel under Rule 11, the court's inherent power, and 28 U.S.C. § 1927. The plaintiffs filed a motion for extension of time to respond to the motions to dismiss, as well as Sperando's motion for sanctions. The district court granted plaintiffs' extension request, but added that it would not consider any sanctions motions until after it ruled on the motions to dismiss.[1]

At oral argument on the motions to dismiss, the court told Sperando that, if it granted the motions to dismiss, it would consider retaining jurisdiction so that Sperando could file her motion for sanctions. However, the district court's order granting the motions to dismiss did not do so. The court said:

> [T]he Court does not find that Plaintiffs' allegations are inherently frivolous, and the Court will not entertain a motion for sanctions by any of the Defendants. There is no doubt that Plaintiffs, though belated and arguably misguided in their efforts here, were deeply impacted by their professional experiences and by the loss of their

---

[1] Although Sperando never filed the sanctions motion with the court, the plaintiffs attached it to their extension request.

3

>landmark case in which they believed they would prevail, in reliance on the representations of their counsel at the Gary Firm.

Sperando appeals the district court's refusal to entertain a motion for sanctions.

## II.

We review a district court's decision to deny sanctions for an abuse of discretion. Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). A district court abuses its discretion if it applies the wrong legal standard. Id.

Among other things, Sperando's proposed sanctions motion requested sanctions under Rule 11. Rule 11 imposes an objective standard on attorneys and unrepresented parties who sign a complaint to conduct a reasonable inquiry into the complaint's claims and factual pleadings before filing it with a federal court.[2] Fed. R. Civ. P. 11(b); see Chambers v. NASCO, Inc., 501 U.S. 32, 47, 111 S. Ct. 2123, 2134 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry . . . ."); Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc., 498 U.S. 533, 548, 111 S. Ct. 922, 932 (1991) ("[A]ny signer must conduct a reasonable inquiry or face sanctions." (quotation omitted)). Thus, this Court applies a two-step inquiry to decide whether Rule 11 sanctions are appropriate: First we ask whether the claims were "objectively frivolous, in view of the law or facts." In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). Second, we ask whether

---

[2] Under Eleventh Circuit precedent, even parties who do not sign the complaint, like Rowe and King here, may be sanctioned under Rule 11. See Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 128 S. Ct. 2131 (2008).

4

the person who signed the complaint "should have been aware that it was frivolous." Id.

The district court failed to apply this objective standard in its order refusing to entertain Sperando's sanctions motion. The court found the plaintiffs' allegations were not inherently frivolous, but its reasoning relied on the plaintiffs' subjective circumstances. It explained that the plaintiffs "were deeply impacted by their professional experiences and by the loss of their landmark case in which they believed they would prevail, in reliance on the representations of their counsel at the Gary Firm." The court failed to explain why the legal theories or factual allegations in the complaint were not objectively frivolous. See id. We therefore conclude that the district court abused its discretion by applying the wrong legal standard in evaluating whether Rule 11 sanctions were appropriate. Peer, 606 F.3d at 1311.

We reverse and remand to the district court for consideration of Sperando's sanctions motion.[3]

**REVERSED AND REMANDED.**

---

[3] Sperando's proposed motion also requested sanctions under the court's inherent power, and 28 U.S.C. § 1927. The standard for sanctions under the court's inherent power is a subjective standard and requires a finding of bad faith. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017). Also sanctions under § 1927 are meant for litigants that intentionally and unnecessarily cause delays during litigation. See Peer, 606 F.3d at 1314. The district court suggested the plaintiffs did not act with bad faith, and the record does not support a finding of delay. Because Sperando has yet to file her sanctions motion, we leave it to the district court to decide in the first instance whether sanctions under the court's inherent power or § 1927 are appropriate if requested.

In addition, Sperando requested attorney's fees in her proposed motion. But under Rule 11, a district court cannot impose a sanction of attorney's fees to be paid to a pro se litigant, even if that litigant is an attorney. See Massengale v. Ray, 267 F.3d 1298, 1302–03 (11th Cir. 2001) (per curiam).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 20, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-12124-CC
Case Style: Leonard Rowe, et al v. Willie Gary, et al
District Court Docket No: 1:15-cv-00770-AT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Julie F. Cohen, CC at (404) 335-6170.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs