[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11830
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00770-AT

LEONARD ROWE,
ROWE ENTERTAINMENT, INC.,
LEE KING,
LEE KING PRODUCTIONS INC.,

                                                              Plaintiffs-Appellees,

versus

WILLIE E. GARY,
WILLIAM C. CAMPBELL,
SEKOU M. GARY,
TRICIA P. HOFFLER, et al.,

                                                              Defendants-Appellees,

MARIA SPERANDO,

                                                              Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(May 9, 2019)

Before MARTIN, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Maria Sperando, a lawyer proceeding pro se, appeals the district court's order granting in part and denying in part her motion for sanctions against Leonard Rowe; Rowe Entertainment, Inc.; Lee King; and Lee King Productions Inc. (collectively, the "plaintiffs"). After careful review, we affirm.

## I.

This Court remanded an earlier appeal in this litigation so the district court could consider Sperando's motion for sanctions against the plaintiffs. Rowe v. Gary, 703 F. App'x 777, 780 (11th Cir. 2017) (per curiam) (unpublished). On remand, Sperando asked the district court to impose sanctions against the plaintiffs for filing an objectively frivolous Racketeer Influenced and Corrupt Organizations Act ("RICO") lawsuit against her. The plaintiffs' complaint alleged that Sperando and others who represented them in a civil rights and antitrust action in the U.S. District Court for the Southern District of New York deliberately withheld evidence and sabotaged that case in exchange for a bribe. See id. at 778–79; see also Rowe Entm't, Inc. v. William Morris Agency, Inc., No. 98 Civ. 8272 (RPP), 2005 WL 22833 (S.D.N.Y. Jan. 5, 2005) (dismissing plaintiffs' complaint), aff'd, 167 F. App'x 227 (2d Cir. 2005).

Sperando's motion asked the Georgia district court to impose sanctions under Rule 11, 28 U.S.C. § 1927, and the court's inherent authority. She argued sanctions were warranted because plaintiffs' RICO allegations were "fantastical" and unsupported by evidence. She also argued plaintiffs and their lawyers knew or should have known their claims were fraudulent. Additionally, Sperando claimed the plaintiffs pursued the lawsuit in bad faith and intentionally prolonged the proceedings despite knowing or having reason to know the RICO allegations were frivolous and fraudulent.

Sperando asked the district court to fine the plaintiffs; order them to reimburse her at least $2,255.76 for costs she incurred defending herself; admonish them; order them to publicly apologize to her "on every form of media on which they and their cohorts have disparaged" her; and publicly disavow their conduct. For the fine, Sperando suggested $562,000. She calculated this number by multiplying her normal $500 hourly rate by the 1,124 hours she said she spent defending herself.

The district court granted Sperando's request for Rule 11 sanctions. The court explained that, viewing the facts and law objectively, plaintiffs' claims were frivolous. However, the court declined to impose sanctions under either § 1927 or the court's inherent authority because Sperando had not shown plaintiffs engaged

in dilatory or vexatious litigation tactics after filing suit and plaintiffs did not act in bad faith in pursuing their claims.

Instead of imposing Sperando's suggested sanctions, the district court ordered the plaintiffs and their counsel to pay a fine of $2,000 to the Court and to reimburse Sperando for travel costs she incurred to attend oral argument on her motion to dismiss plaintiffs' complaint. The court also formally reprimanded plaintiffs' counsel. In imposing these sanctions, the court explained that Sperando's suggested fine of more than half a million dollars was "unduly harsh and unreasonable" and that Sperando had neither filed a timely Rule 54(d) bill of costs nor provided any details about expenses she incurred defending herself.

This is Sperando's appeal.[1]

## II.

Sperando appeals the district court's sanctions order. She argues the district court abused its discretion by failing to address one of her arguments for Rule 11 sanctions and by declining to impose sanctions under 28 U.S.C. § 1927 and the court's inherent authority. She also contends the court's Rule 11 sanctions were "anemic" and thus insufficient.

---

[1] The plaintiffs initially sought to appeal the district court's sanctions order. However, they failed to timely file an appeals brief, and this Court dismissed their appeal for want of prosecution.

"A court's decision to deny sanctions under Rule 11, 28 U.S.C. § 1927, and the court's inherent power is reviewed for abuse of discretion." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). We also review the amount of sanctions for abuse of discretion. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002) (per curiam). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. (quotation marks omitted).

First, we conclude the district court did not abuse its discretion by failing to explore in extensive detail whether plaintiffs' RICO allegations were fraudulent (as opposed to merely frivolous and unsupported). In deciding whether to impose Rule 11 sanctions, a court asks "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). A district court is not required to assess fraud separate from its frivolousness inquiry simply because a party seeks a finding characterized in terms of fraud. The district court here thoroughly explained its bases for imposing Rule 11 sanctions and did not abuse its discretion in declining to discuss other matters.

Second, the district court did not abuse its discretion by declining to impose sanctions under the court's inherent authority. See Purchasing Power, LLC v.

Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (noting a court may exercise its inherent power to "sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quotation marks omitted)).  The district court found that sanctions were not warranted because the plaintiffs did not act in bad faith.  Although Sperando takes issue with this finding, we will not disturb the district court's determination that plaintiffs did not act with subjective bad faith.  Sperando says the district court's finding of no bad faith is inconsistent with the finding that the plaintiffs' beliefs were not reasonable.  She is mistaken.  A person may hold an unreasonable belief in good faith.  We see no clear error in the district court's finding to that effect here.

Third, the district court did not abuse its discretion by declining to impose sanctions under 28 U.S.C. § 1927.  An attorney multiplies court proceedings "unreasonably and vexatiously," thereby justifying sanctions under 28 U.S.C. § 1927, "only when the attorney's conduct is so egregious that it is tantamount to bad faith."  Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quotation marks omitted).  The standard is an objective one focusing "not on the attorney's subjective intent, but on the attorney's objective conduct."  Id.  The district court found here that the record lacked evidence of dilatory conduct.  Sperando's arguments to the contrary are unpersuasive.

Finally, the district court did not abuse its discretion in imposing Rule 11 sanctions in the amount of $2,000. Sperando describes the $2,000 fine as "meager," "arbitrarily chose[n]," and an insufficient deterrent. The district court thought differently. The court thoroughly explained why it rejected Sperando's suggested sanctions and why it deemed a $2,000 fine; reimbursement of travel costs; and a reprimand the appropriate sanctions under the circumstances. Sperando may disagree with the court's reasoning, but she has fallen well short of showing an abuse of discretion.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 09, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-11830-CC
Case Style: Lee King, et al v. Willie Gary, et al
District Court Docket No: 1:15-cv-00770-AT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs